**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:21-cr-609-(APM)** |
| v. | : | |
| | : | |
| **JEREMY BROWN,** | : | |
| | : | |
| Defendant. | : | |

<u>**GOVERNMENT'S PROPOSED BENCH INSTRUCTIONS**</u>

The United States of America, by and through its attorneys, respectfully submits this

Proposed Jury Instructions, subject to issues that arise at trial.

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Notetaking by Jurors, Redbook 1.105

6. Evidence in the Case, Redbook 2.104

7. Statements of Counsel, Redbook 2.105

8. Indictment Not Evidence, Redbook 2.106

9. Burden of Proof—Presumption of Innocence, Redbook 2.107

10. Reasonable Doubt, Redbook 2.108

11. Direct and Circumstantial Evidence, Redbook 2.109

12. Nature of Charges Not to Be Considered, Redbook 2.110

13. Number of Witnesses, 2.111

14. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

15. Credibility of Witnesses, Redbook 2.200

16. Witness With a Plea Agreement, Redbook 2.203, *as applicable*

17. Law Enforcement Officer's Testimony, Redbook 2.207[1]

18. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

19. Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216, *as applicable*

20. Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217, *as applicable*

21. Impeachment by Proof of Conviction of a Crime—Witness, Redbook 2.218, *as applicable*

22. Transcripts of Tape Recordings, Redbook 2.310, *as applicable*

23. Other Crimes Evidence, Redbook 2.321, *as applicable*

24. Count One, Entering or Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1)

25. Count Two, Disorderly or Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2)

26. Organization and Persons Not Present

27. Defendant's Theory of the Case, Redbook 9.100

28. Proof of State of Mind, Redbook 3.101

29. Multiple Counts – One Defendant, Redbook 2.402

30. Unanimity—General, Redbook 2.405

31. Verdict Form Explanation, Redbook 2.407

32. Exhibits During Deliberations, Redbook 2.501

33. Redacted Exhibits, Redbook 2.500, *as applicable*

34. Selection of Foreperson, Redbook 2.502

---

[1] In the Redbook, the title and substance of this instruction refer to police officers, not law enforcement officers. The Government proposes that this be modified as it was in *Niemela*, 1:21-cr-00623 (CRC), ECF No. 91 at 7.

35. Possible Punishment Not Relevant, Redbook 2.505

36. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

37. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

38. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

39. Excusing Alternate Jurors, Redbook 2.511

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:    */s/ Eli Ross*
Eli J. Ross
IL Bar No. 6321411
Assistant United States Attorney

*/s/ Rebekah Lederer*
Rebekah E. Lederer
PA Bar No. 320922
Assistant United States Attorney

**Proposed Instruction No. 24**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[2]**

(18 U.S.C. § 1752(a)(1))

Count 1 of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.[3]

---

[2] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[3] Section 1752 requires proof that the defendant knew that an area was posted, cordoned off, or otherwise restricted, and knew that he or she lacked lawful authority to be in that area, but it does not require proof that the defendant knew of the presence of a U.S. Secret Service protectee within the restricted area. *United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12). Several other courts in this district have similarly held that knowledge of a protectee's presence in the restricted area is not required. *See United States v. Easterday*, 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024); *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128 at 4–5 (D.D.C. Mar. 28, 2024); *United States v. Chambers*, 23-cr-300 (DLF) (D.D.C. Mar. 14, 2024); *United States v. Kenyon*, No. 23-cr-101 (ABJ), (Mar. 12, 2024); *United States v. Ibrahim*, No. 21-cr-496 (TJK) (Apr. 16, 2024); *United States v. Smith*, No. 23-cr-71 (RDM), Trial Tr. at 82-97 (May 10, 2024); *United States v. Nester*, 22-cr-183 (TSC) (D.D.C. Mar. 5, 2024); Trial Tr. at 1199–1200,; Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022). Some courts in this district have come to the opposite conclusion, but those opinions came to the wrong result. *See* Verdict Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C.

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[4]

---

Dec. 1, 2023); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023).  The D.C. Circuit is expected to decide this issue in *United States v. Griffin*, No. 22-3042 (oral argument held Dec. 4, 2023).

[4] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

**Proposed Instruction No. 25**

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS[5]

(18 U.S.C. § 1752(a)(2))

Count 2 of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[6] Disorderly conduct

---

[5] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

[6] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 39); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 3); *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[7]

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[8]  This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity.  Whether particular conduct is "disruptive" depends on the context and surrounding circumstances and includes conduct that is plainly out of place for the time or setting where it occurs.[9]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

---

[7] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[8] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).

[9] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or plainly out of place for the time or setting"); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).

**Proposed Instruction No. 26**

**<u>ORGANIZATION AND PERSONS NOT PRESENT</u>**

The Oath Keepers organization is not a defendant in this case, and the defendants are not on trial for having knowledge of, or being associated with, the Oath Keepers organization. In our system of justice, guilt or innocence is personal and individual and you should not make any inferences or speculate about other individuals you have heard about in this trial or whether they have been charged with crimes. I have decided which defendants will stand trial together and at which time. The only issue for you to decide is whether the government has proved a particular defendant guilty of a crime or crimes beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:21-cr-609-APM** |
| | **:** | |
| **JERMEY BROWN,** | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S PROPOSED WITNESS LIST

At trial, the United States intends to call the following witnesses:

- USSS Agent Lanelle Hawa
- USCP Inspector Neysha Mendoza
- FBI Special Agent Michael Palian
- FBI Special Agent Joanna Abrams
- Mr. Caleb Berry

At trial, the parties may call or refer to the following witnesses:
- FBI TFO Charles George

| Government | ☐ |
|---|---|
| Plaintiff | ☐ |
| Defendant | ☐ |
| Joint | ☐ |
| Court | ☐ |

**UNITED STATES OF AMERICA**

_____

VS.                          Civil/Criminal No.   **21-cr-609 (APM)**

**Jeremy Brown**

_____

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| **100 Series** | ***General Evidence of the Capitol Grounds and the Riot on January 6th*** | | | | |
| 100 | West Front Time Lapse | | | | |
| 101 | J 6 Montage video (15min) | | | | |
| 102 | Photo of W.Capitol with Snow Fencing in Forefront and Signs in Background | | | | |
| 103 | Area Closed Sign | | | | |
| 104 | Area Closed Sign and Fencing (West Front) | | | | |
| 105 | Restricted Perimeter Map | | | | |
| 106 | Three-Dimensional Depiction of Capitol (NW side aerial) | | | | |

1

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| 107 | Three-Dimensional Depiction of Capitol (aerial) | | | | |
| 108 | Three-Dimensional Depiction of Capitol (West aerial) | | | | |
| 109 | Three-Dimensional Depiction of Capitol (East aerial) | | | | |
| 110 | Map of D.C. | | | | |
| | | | | | |
| | | | | | |
| 200 Series | *Secret Service Exhibits* | | | | |
| 200 | HOS Notification – Visit of Vice President Michael Pence Mrs. Pence and Charlotte Pence to the U.S. Capitol (S-214_House and Senate Floors) on Wednesday January 6 (PDF) | | | | |
| 201 | USSS HOS Notification – Vice President Pence 01.06.21 9 (REDACTED) (PDF) | | | | |
| 202 | USSS-3 – VP Pence departing Senate members staircase (public version).mp4 | | | | |
| 203 | USSS-2 – East Side of the Capitol: VP vehicles moving | | | | |

2

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| 204 | Montage of Move w/ USSS Radio Runs | | | | |
| | | | | | |
| | | | | | |
| 300 Series | *U.S. Capitol CCTV Footage* | | | | |
| 300 | Northwest Lawn | | | | |
| 301 | North Upper West Terrace | | | | |
| | *Potential Rebuttal Exhibits* | | | | |
| | 302-Rotunda Doors (Demonstrative) | | | | |
| | 303-Rotunda Doors | | | | |
| | 304-Hotel CCTV | | | | |
| | | | | | |

3

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| 400 Series | *Open-Source Exhibits* | | | | |
| 400 | JW Phone (Mall) | | | | |
| 401 | JW Phone (Con. Ave) | | | | |
| 402 | Open source-mall | | | | |
| 403 | Open-source Facebook (East Front) | | | | |
| 404 | Ruptly (North East) | | | | |
| 405 | Zuma (North Upper Terrace) | | | | |
| | *Potential Rebuttal Exhibits* | | | | |
| | 406-East Front Steps | | | | |
| | 407-News2Share Columbus Doors | | | | |
| | | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| *500 Series* | *Body Worn Camera* | | | | |
| 500 | P/O Dieng BWC (Clip) | | | | |
| 500.1 | Clip- P/O Dieng BWC (1) | | | | |
| 500.2 | P/O Dieng BWC (2) | | | | |
| 501 | P/O Veizaj BWC | | | | |
| 501.2 | Clip- P/O Veizaj BWC | | | | |
| 502 | P/O Bingner BWC | | | | |
| 502.1 | Clip- P/O Bingner | | | | |
| 503 | P/O Bethel BWC | | | | |
| 506 | P/O I. Fernando BWC | | | | |
| 506.1 | Clip-P/O I. Fernando BWC | | | | |
| 507 | P/O Schwarzer BWC | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| 507.1 | Clip-P/O Schwarzer BWC | | | | |
| 508 | P/O Sumaraay BWC | | | | |
| 508.1 | Clip- P/O Sumaraay BWC | | | | |
| 510 | Clip-P/O Lee BWC | | | | |
| | | | | | |
| *600 Series* | *Ellipse Speech* | | | | |
| 601 | Montage of Former President's Speech | | | | |
| | | | | | |
| | | | | | |
| *700 Series* | *Images* | | | | |
| 700 | Alamy Image (Group at Ellipse) | | | | |
| 701 | JB on the East Front | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| 702 | JB on the East Steps | | | | |
| 703 | Rhodes | | | | |
| 704 | Meggs | | | | |
| 705 | Berry | | | | |
| | **Potential Rebuttal Exhibits** | | | | |
| | 706 - 512.jpg | | | | |
| | 706.1 - 1589 - Brown.jpg | | | | |
| | 707 - 515.PNG | | | | |
| | 708 - 1050.1.E.SS.1.JPG | | | | |
| | 709 - 1050.1.E.SS.2.JPG | | | | |
| | 710 - 1050.SS.JPG | | | | |
| | 711 - 1051.2.jpg | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| | 712 - 1051.3.jpg | | | | |
| | 713 - 1528 for Brown.pptx | | | | |
| | 714 - 575.JPG (Home) | | | | |
| | 715 - 576.JPG | | | | |
| | 716 - 577.JPG | | | | |
| | 717 - 578.JPG | | | | |
| | 718 - 579.JPG | | | | |
| | 719 - 580.JPG | | | | |
| | 720 - 581.JPG | | | | |
| | 721 - 582.JPG | | | | |
| | 722 - 583.JPG | | | | |
| | 723 - 584.JPG | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| | 724 - 585.JPG | | | | |
| | 725 - 586.JPG | | | | |
| | 726 - 587.JPG | | | | |
| | 727 - 588.JPG | | | | |
| | 728 - 205.P.1.jpeg (phone) | | | | |
| | 729 - 205.P.2.jpeg | | | | |
| | 730 - 205.P.3.jpeg | | | | |
| | | | | | |
| | | | | | |
| *800 Series* | *Signal Messages* | | | | |
| 800 | DC Op Message (1:25PM) | | | | |
| 801 | DC Op Message (1:38PM) | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| 802 | DC Op Message (2:15PM) | | | | |
| 803 | OK FL Hangout chats | | | | |
| 804 | OK FL DC OP Chain | | | | |
| | *Potential Rebuttal Exhibits* | | | | |
| | 804.1 - OK FL DC OP Jan 6 - Entire Chain from Aaron Stone Phone.xlsx | | | | |
| | 805 - 205.S.21.62.PNG | | | | |
| | 806 - OK FL Hangout - Excerpts From Rhodes Phone.xlsx | | | | |
| | 808 - Just Signal Rhodes - Complete.xlsx | | | | |
| | 809 - Vetted OKFL Hangout - Excerpts from Aaron Stone Phone.xlsx | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

10

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| **900 Series** | **Co-Conspirator Exhibits** | | | | |
| 900 | Rhodes Letter (12.14.20) | | | | |
| 901 | Rhodes Letter (12.23.20) | | | | |
| | **Potential Rebuttal Exhibits** | | | | |
| | 902 - 1000.1.Tr.mp4 | | | | |
| | 903 - 1000.2.Tr.mp4 | | | | |
| | 904 - 1000.3.Tr.mp4 | | | | |
| | 905 - 1000.4.Tr.mp4 | | | | |
| | 906 - 1000.5.Tr.mp4 | | | | |
| | 907 - 1000.6.Tr.mp4 | | | | |
| | 908 - 1000.7.Tr.mp4 | | | | |
| | 909 - 1000.8.Tr.mp4 | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| | 910 - 1000.9.Tr.mp4 | | | | |
| | 911 - 1000.10.Tr.mp4 | | | | |
| | 912 - 1000.11.Tr.mp4 | | | | |
| | 913 - 1000.MOV | | | | |
| | 914 - 1000.SS.1.JPG | | | | |
| | 915 - 1000.Tr FULL.mp4 | | | | |
| | 916 - 1006.JPG | | | | |
| | 917 - 1006.pdf | | | | |
| | 918 - 1009.pdf | | | | |
| | 919 - 1072.1.E.mp4 | | | | |
| | 920 - 1072.2.E.mp4 | | | | |
| | 921 - 6610 (redacted).pdf | | | | |

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBITS | MARKED FOR I.D. | RECEIVED IN EVIDENCE | WITNESS | EXHIBITS SENT INTO JURY (date & time) |
|---|---|---|---|---|---|
| | 922 - 6610.pdf | | | | |
| | 923 - 6624 (redacted).pdf | | | | |
| | 924 - 6624.pdf | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                    Case No.:  1:21-cr-00609-APM-1

     v.

JEREMY BROWN.
_____/

## **<u>DEFENSE WITNESS LIST (PROPOSED)</u>**

1. Caleb Berry

2. Tylene Aldridge

3. Lisa Brown

4. Reserving the right to call Rebuttal witnesses

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                    Case No.:  1:21-cr-00609-APM-1

     v.

JEREMY BROWN.
_____/

## **<u>DEFENSE EXHIBIT LIST (PROPOSED)</u>**

| EXHIBIT NUMBER | MARKED FOR ID | RECEIVED | WITNESS |
|---|---|---|---|
| 1.  PERMITS – LEOPOLD CAPITOL | _____ | _____ | _____ |
| 2.  NTOC / FB ASSESSMENT | _____ | _____ | _____ |
| 3.  RALLY MAP | _____ | _____ | _____ |
| 4.  AG GUIDELINES CHS USE | _____ | _____ | _____ |
| 5.  BROWN SAVING WOMAN | _____ | _____ | _____ |
| 6.  ARIS RESISTANCE MANUAL | _____ | _____ | _____ |
| 7.  AGENTS RECRUITING MEETING | _____ | _____ | _____ |
| 8.  FBI HOUSE APPROACH | _____ | _____ | _____ |
| 9.  DJTS SPEECH J6 | _____ | _____ | _____ |
| 10. OATH OF ENLISTMENT | _____ | _____ | _____ |
| 11. UNCONVENTIONAL WARFARE | _____ | _____ | _____ |
| (POCKET GUIDE) | | | |
| 12.REBUTTAL EXHIBITS | | | |